In the Matter of the Judicial Settlement of the Estate of EDWARD CARLIN, Deceased.

Surrogate's Court, Franklin County, July 26, 1929.

*A. W. Handley*, for executor Pombrio.

*William St. Mary*, for Gertrude Cardinal.

*Fred J. Flanagan*, for Mary Sessions and Della Boyea.

*Andrew B. Cooney*, special guardian, for Alice Cardinal. Rowe.

LAWRENCE, S. Two matters are submitted for determination on judicial settlement. One is the claim of Mary Sessions, presented and rejected, and the other is the title to a bank deposit.

We find that Edward Carlin died June 20, 1928. He left a will by which he gave his property in equal shares to a daughter, Della Boyea, a granddaughter, Gertrude Cardinal (now Pombrio), and a granddaughter, Alice Cardinal (now Rowe). He had another daughter, Mary Sessions, for whom he made no provision in his will. It is this daughter who presents the claim above referred to. This claim covers a period from November 1, 1922, to May 15, 1927. It is for services as housekeeper; board for family; loss on sale of furniture taken to home of deceased; trips to and from the home of claimant to the home of deceased; bills paid, etc. The services as housekeeper are charged at six dollars per week. Board is charged at the rate of three dollars per week.

At one time the bank deposit, to be referred to, was in the name of deceased and Mary Sessions, the claimant. This was changed and the name of the claimant was stricken off under direction of deceased.

The evidence does not seem definite enough on which to base any claim, except that under the circumstances I believe Mary Sessions should be allowed for services as housekeeper for one period of eight weeks at six dollars per week and for another period of thirty-three weeks at six dollars per week; in all the sum of two hundred and forty-six dollars.

Taking up the matter of the ownership of the bank deposit in the savings department of the People's Trust Company of Malone, the original deposit was made by the deceased on December 12, 1924, and an account opened in the following form, " Ed Carlin or Mrs. Mary Sessions," and stamped upon the bank book was the following: " Funds in this account subject to withdrawal in whole or in part by either or the survivor of either." A signature card was signed by the deceased when the original deposit was made and upon this card appears each of the statements. Later the deceased went to the bank and instructed Miss Donahue, the interest teller in charge of deposits, to strike off the name of Mary Sessions and put on the name of Gertrude Cardinal. This was done on both the book and the card and later Gertrude Cardinal Pombrio signed the card.

On June 20, 1928 (date of death), Gertrude Cardinal Pombrio drew from the account $150, which left $2,121.41 on deposit. Since that time other sums have been drawn out by executor and interest has been added, so that at present the balance on deposit is $1,935.70.

The attorney for Gertrude Cardinal Pombrio claims that the deposit as it stood at date of death belonged to her absolutely. Other parties claim that the deposit does not conform to the requirements of the statute and that the deposit belongs to the estate.

The question involved here has been the subject of controversy in many cases and has resulted in numerous decisions. The statutes governing banks, trust companies and savings banks are substantially the same, except that in the case of savings banks an added provision appears in section 249 of the Banking Law, to the effect that the making of the deposit " in such form " shall, in the absence of fraud or undue influence, be conclusive evidence in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor. I do not understand that the latter provision of the statute should deprive the court of making a judicial determination in cases where it becomes necessary.

In my judgment what was done in this case was a substantial

compliance with the statute. The use of the word " or " instead of " and," when considered with the stamped memorandum in the bank book and on the signature card, would not seem serious and in addition the evidence clearly indicates that it was the intention of the decedent, when and after the name of Mary Sessions was stricken off and the name of Gertrude Cardinal was substituted, that the account should belong to Gertrude Cardinal Pombrio, if she should survive the decedent.

I, therefore, find that the bank account belonged to Gertrude Cardinal Pombrio upon the death of Edward Carlin.

Decree may be submitted as above indicated.